and is hereby awarded to Patricia M. Nicholson, the surviving spouse of Frank M. Nicholson, Jr.

(No. 00155—)

*In re* APPLICATION OF BARBARA MIESZKOWSKI.

*Opinion filed December 4, 1979.*

PER CURIAM.

Claimant filed her application for benefits as the widow of Officer Richard Mieszkowski on June 20, 1978, and as the designated beneficiary of that officer.

At the time of his death, Richard Mieszkowski was on duty during regularly assigned hours, having begun his duty assignment on March 28, 1978 at 8:00 a.m.

At about 10:00 a.m. on that day, decedent had gone to Norwegian-American Hospital in response to a call that there was in the hospital a dog-bite victim. At that time, decedent was wearing on a belt and carrying in its holster a Colt Python .357 calibre six-shot revolver (serial No. 33632) which was his service side arm, and which was registered in the name of decedent under registration number 077153.

The investigative report of the Attorney General and the formal investigation of the City of Chicago Police

Department were received as evidence pursuant to a stipulation of the Claimant and Respondent.

From the several reports, it appears that a nurse at the hospital had handled the decedent's revolver, which he had handed to her, butt first. She reached for the revolver and in some way pulled the trigger. A bullet was discharged, which entered the left temple of decedent.

It is clear that the decedent was on duty at the time he was shot. The question which this Court must resolve is whether section 2(e) of the Law Enforcement Officers and Firemen Compensation Act (Ill. Rev. Stat. 1977, ch. 48, par. 282(e)) prohibits entry of an award in favor of Claimant. We are of the opinion that section 2(e) does not bar an award. That sub-paragraph of section 282 reads:

"(e) 'killed in the line of duty' means losing one's life as a result of injury received in the active performance of duties as a law enforcement officer, civil defense worker, civil air patrol member, paramedic or fireman if the death occurs within one year from the date the injury was received and if that injury arose from violence or other accidental cause. The term excludes death resulting from the willful misconduct or intoxication of the officer, civil defense worker, civil air patrol member, paramedic or fireman, however, the burden of proof of such willful misconduct or intoxication of the officer, civil defense worker, civil air patrol member, paramedic or fireman is on the Attorney General."

There is no evidence to show that the incident resulting in the Claimant's decedent being shot was a result of his intoxication.

Was the incident the result of willfulness on the part of decedent? We do not find the actions of decedent immediately before handing the revolver to the nurse to be of a willful nature. The nurse had asked decedent whether the revolver could go off if it was defective and the decedent replied, "No." Shortly thereafter, he handed the revolver to her, holding the barrel with his left hand. We regard decedent's actions as representative of

his desire to show that the revolver was safe to handle unless the trigger was pulled.

"Willful" has been defined as "intractable," or, an act showing a strong disposition to do what is contradictory. Black's Law Dictionary (Revised Fourth Edition) p. 1773. The facts before this Court on hearing of the application for benefits do not in our opinion show willfulness on the part of decedent.

It should be noted that the revolver of the deceased officer was produced at the hearing. Upon examination, it appeared that the cylinder mechanism and trigger assembly functioned efficiently, demonstrating that the revolver could not function unless the trigger was pulled, and that handling of the revolver by holding the barrel, or the butt, could not activate the trigger mechanism.

We have noted that Officer Mieszkowski was killed in line of duty, and we find that the proofs submitted in support of the application for benefits satisfies all of the requirements necessary to support an award.

It is hereby ordered that the sum of $20,000.00 be, and is hereby awarded to Barbara Mieszkowski, the surviving spouse and beneficiary of Richard Mieszkowski.